IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JOSUE BENITO SÁNCHEZ-GONZÁLEZ, <br><br> Defendant. | CRIM. NO. 22-93 (SCC) |

**OPINION AND ORDER**

A grand jury charged Josue Benito Sánchez-González with: (1) possessing a machinegun in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(B)(ii); (2) possessing firearms in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A)(ii); (3) possessing a machinegun, 18 U.S.C. § 922(o); and (4) possessing marijuana with intent to distribute, 21 U.S.C. §§ 841(a)(1), (b)(1)(D). Docket No. 8. Mr. Sánchez-González has moved the Court for a bill of particulars. Docket No. 22. We deny his motion.

A bill of particulars need be granted only if, in its absence, the accused will "be disabled from preparing a

defense, caught by unfair surprise at trial, or hampered in seeking the shelter of the Double Jeopardy Clause." *United States v. Sepulveda*, 15 F.3d 1161, 1192–93 (1st Cir. 1993). It is not, however, a tool for discovery. *United States v. Lundstrom*, 880 F.3d 423, 439 (8th Cir. 2018).

Mr. Sánchez-González has requested two pieces of information from the government: (1) the dates that he possessed marijuana with the intent to distribute it, and (2) the dates that he sold marijuana and how much he sold on each occasion. Docket No. 22, pg. 8. He argues that he will be unable to adequately prepare his defense and safeguard his Fifth Amendment right against double jeopardy without this information. Docket No. 22, pg. 1. But he does not explain why.

As to Mr. Sánchez-González's first request, the indictment alleges that he possessed "a detectable amount" of marijuana with the intent to distribute it "[o]n or about 3 March 2022." Docket No. 8, pg. 3. Though the search warrant

giving rise to these charges was executed on March 2nd[1], he has not explained why this one-day difference affects his ability to prepare his defense or safeguard his rights. *Cf. United States v. Portela*, 167 F.3d 687, 704 (1st Cir. 1999) (holding that the "on or about" temporal specification in the indictment was "perfectly adequate"); *United States v. Paiva*, 892 F.2d 148, 153–55 (1st Cir. 1989) (holding that the district court did not abuse its discretion in denying bill of particulars . . . because indictment referring to multiple transactions and specifying "early 1983" was "sufficiently narrow to allow [the defendant] to prepare his defense"). Furthermore, the government has, through two discovery packages, provided to Mr. Sánchez-González the search warrant executed on March 2nd and the return from that warrant. Docket No. 23, pg. 3. And it has "pointed to the place and quantity of the seizure of marijuana." *Id*. The government has therefore provided Mr. Sánchez-González with the

---

1. The government notes in its response that "the date in the third and fourth counts should be 2 March and not 3 March." Docket No. 23, pg. 2.

specific date it contends he possessed marijuana with the intent to distribute it. We are satisfied that this information is sufficient for him to prepare his defense.

As to his request for the dates on which he sold marijuana and the quantities sold in those transactions, no such transactions are alleged in the indictment. Docket No. 8. And that is not surprising because *selling* marijuana is not an element of any of the charges against him. Mr. Sánchez-González has not explained why he will be unable to prepare his defense or guard against double jeopardy without this information. The indictment and discovery have provided him with, at the very least, the date, place, and items seized in this case. Docket Nos. 8, 23. This information is sufficient for Mr. Sánchez-González to understand each charge, prepare his defense, and evaluate any double jeopardy implications. If Mr. Sánchez-González is concerned that the government might use some evidence, if any exists, of marijuana transactions at trial, that is a matter for discovery and not a bill of particulars.

For these reasons, the Court **DENIES** Mr. Sánchez-González's motion for a bill of particulars (Docket No. 22).

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 17th day of June 2022.

<u>S/ SILVIA CARREÑO-COLL</u>
UNITED STATES DISTRICT COURT JUDGE